
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| Chad Domke, individually and on behalf of all others similarly situated;<br><br>       Plaintiff,<br><br>-v.-<br><br>MRS BPO, LLC,<br>Jefferson Capital Systems, LLC,<br>and John Does 1-25.<br><br>       Defendant. | 8:19-cv-1442-T-36AEP<br><br>Civil Action No: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Chad Domke (hereinafter, "Plaintiff" or "Domke"), a Florida resident, brings this Class Action Complaint by and through his attorneys, Zeig Law Firm, LLC against Defendant MRS BPO, LLC (hereinafter "Defendant MRS") and Defendant Jefferson Capital Systems, LLC (hereinafter "Defendant Jefferson"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1.   Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was

1

concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). "After determining that the existing consumer protection laws were inadequate." *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Florida consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Florida, County of Hernando, residing at 9107 Eldridge Road, Spring Hill, Florida, 34608.

8. Defendant Jefferson is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 16 McLeland Road and may be served with process upon the Corporation Service Company, its registered agent for service of process at 1201 Hays Street, Tallahassee, FL, 32301.

9. Upon information and belief, Defendant Jefferson is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant MRS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 1930 Olney Avenue, Cherry Hill, NJ, 08003 and may be served with process upon Cogency Global Inc, its registered agent for service of process at 115 North Calhoun Street, Suite 4, Tallahassee, FL, 32301.

11. Upon information and belief, Defendant MRS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

**CLASS ALLEGATIONS**

13. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14. The Class consists of:

    a. all individuals with addresses in the State of Florida;

    b. to whom Defendant MRS sent a collection letter attempting to collect a consumer debt;

    c. on behalf of Defendant Jefferson;

    d. and falsely stating that a partial payment "may" re-start the statute of limitations;

    e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

15. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

18. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is \whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 USC §1692e and 1692f.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

   e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all

members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

23. Some time prior to June 14, 2018 an obligation was allegedly incurred to Verizon Wireless.

24. The Verizon obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes, specifically personal telecommunication services.

25. The alleged Verizon obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

26. Defendant Jefferson purportedly purchased the alleged debt.

27. Defendant Jefferson, a subsequent owner of the Verizon debt, contracted with the Defendant MRS to collect the alleged debt.

28. Defendant Jefferson and Defendant MRS collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – June 14, 2018 Collection Letter*

29. On or about June 14, Defendant MRS sent Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to Defendant Jefferson. **See Exhibit A.**

30. The letter states in part: "In many circumstances you can renew the debt and restart the time period for filing of a lawsuit against you if you take specific action such as making certain payment on the debt."

31. The letter also contains multi month payment options.

32. The letter makes a deceptive and misleading statement by stating that a partial payment may re-start the statute of limitations.

33. Under Florida law, Fla. Stat. § 95.04, the statute of limitations can only be revived by a written, signed agreement.

34. The letter misleads the consumer regarding Florida law by incorrectly stating that a partial payment "may" revive the statute of limitations when, in fact, only a written signed agreement will re-start the statute of limitations.

35. This letter does not contain any mention of a requirement for a written promise, and in fact makes offers for the client to pay by phone and on the internet.

36. Defendants made deceptive and misleading representations when they mislead the Plaintiff by stating that a partial payment may re-start the statute of limitations.

37. As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

38. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

39. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

40. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

41. Defendants violated said section

   a. by creating a false and misleading representation of the status of the debt/and the effect of partial payment of the debt in violation of §1692e(10); and

   b. by falsely representing the character, amount or legal status of the debt in violation of §1692e(2)(A);

42. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

43. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

44. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

45. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

46. Defendants violated this section by omitting material information that gave Plaintiff a false understanding of the proper legal status of the debt and the ramifications of specific actions.

47. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

48. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Chad Domke, individually and on behalf of all others similarly situated, demands judgment from Defendant Jefferson Capital Systems, LLC, and Defendant MRS BPO, LLC, as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Justin Zeig, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  June 14, 2019

Respectfully Submitted,

**ZEIG LAW FIRM, LLC**

Justin Zeig, Esq.
FL Bar No. 112306
3475 Sheridan Street, Suite 310
Hollywood, FL 33021
Telephone: 754-217-3084
Fax: 954-272-7807
justin@zeiglawfirm.com
*Attorneys for Plaintiff*

# Exhibit A





**Send Payment/Correspondence to:**
MRS Associates
1930 OLNEY AVE.
CHERRY HILL, NJ 08003
844-253-6491

Office Hours:
Monday - Thursday  9am - 9pm ET
Friday                         9am - 5pm ET

S-SFMRSA11
P8HDMB00213524 - 549161689 127048
Return Address
MRS BPO, L.L.C.
1930 OLNEY AVE.
CHERRY HILL, NJ 08003

CHAD DOMKE
9107 ELDRIDGE RD
SPRING HILL FL 34608-6206

June 14, 2018

DEBT DESCRIPTION: VERIZON WIRELESS
CURRENT CREDITOR: JEFFERSON CAPITAL SYSTEMS LLC
ORIGINAL CREDITOR: CELLCO PARTNERSHIP
MRS ACCT#: LU1 7397153
ORIGINAL CREDITOR ACCT#: 
CURRENT CREDITOR ACCT#:
Total Balance: $552.85
Charge off Date: 10/16/2015

Dear CHAD DOMKE,

We recognize that a possible hardship or pitfall may have prevented you from satisfying your obligation. We are presenting two options to resolve your balance. If you need additional time to respond to these offers, please contact us. We are not obligated to renew these offers.

Option 1: You pay $276.44 in ONE PAYMENT to be received in this office on or before 06/27/2018.

Option 2: You make TWO PAYMENTS of $179.68 each. The first payment to be received in this office on or before 06/27/2018 and the second payment on or before 07/19/2018.

Payment may be made by calling 844-253-6491, mailing to the above address or by using our online payment website at https://mrspay.webview.com (internet connection required).

When you call please let our representative know that you have received the JEFFERSON CAPITAL SYSTEMS LLC Option Letter

Sincerely,

MRS Associates
844-253-6491
MRS Associates is a trade name of MRS BPO, L.L.C.

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.

The law limits how long you can be sued on a debt. Because of the age of your debt, JEFFERSON CAPITAL SYSTEMS LLC cannot sue you for it. If you do not pay the debt, JEFFERSON CAPITAL SYSTEMS LLC may report or continue to report the debt to any credit reporting agency. MRS cannot sue you on this debt, and MRS cannot credit report this debt. In many circumstances, you can renew the debt and restart the time period for the filing of a lawsuit against you if you take specific action such as making certain payment on the debt or making a written promise to pay. You should determine the effect of any actions you take with respect to this debt.