UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHAD DOMKE,

    Plaintiff,

v.                                         Case No: 8:19-cv-1442-T-36AEP

MRS BPO, LLC, JEFFERSON CAPITAL
SYSTEMS, LLC and JOHN DOES 1-25,

    Defendants.
_____/

## **ORDER**

This matter comes before the Court upon Defendants' Memorandum in Support of their Joint Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 22), Plaintiff's response in opposition to the motion (Doc. 31), and Defendants' reply (Doc. 36). In the motion, Defendants argue that Plaintiff failed to state a claim for violation of the Fair Debt Collection Practices Act because the language of the letter sent to Plaintiff is accurate and not deceptive and because any technical violation was not material. Doc. 22. The Court, having considered the motion and being fully advised in the premises, will grant Defendants' Motion to Dismiss.

## I.    BACKGROUND[1]

Plaintiff, Chad Domke, filed the Amended Complaint alleging two counts against Defendants, MRS BPO, LLC ("MRS") and Jefferson Capital Systems, LLC ("Jefferson") (collectively, "Defendants"). Doc. 6. In the first count, Plaintiff alleges that Defendants violated

---

[1] The following statement of facts is derived from the Amended Complaint (Doc. 6), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

the Fair Debt Collection Practices Act ("FDCPA") § 1692e by making a false and misleading representation of the status of a debt, and by falsely representing the character, amount, or legal status of the debt. *Id.* ¶¶ 38-42. In the second count, Plaintiff alleges that Defendants violated § 1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of a debt, specifically by omitting material information that gave Plaintiff a false understanding of the proper legal status of the debt and the ramifications of specific actions. *Id.* ¶¶ 43-47.

To support these claims, Plaintiff states the he is alleged to have incurred a debt to Verizon Wireless some time prior to June 14, 2018. *Id.* ¶ 23. Jefferson subsequently purports to have purchased the debt and contracted with MRS to collect the debt. *Id.* ¶¶ 26-27. On or around June 14, 2018, MRS sent Plaintiff a collection letter regarding the debt (the "Letter"). *Id.* ¶ 29. The Letter states as follows:

> The law limits how long you can be sued on a debt. Because of the age of your debt, JEFFERSON CAPITAL SYSTEMS LLC cannot sue you for it. If you do not pay the debt, JEFFERSON CAPITAL SYSTEMS LLC may report or continue to report the debt to any credit reporting agency. MRS cannot sue you on this debt, and MRS cannot credit report this debt. *In many circumstances, you can renew the debt and restart the time period for the filing of a lawsuit against you if you take specific action such as making certain payment on the debt* or making a written promise to pay. You should determine the effect of any actions you take with respect to this debt.

Doc. 1 at 12.[2] (Emphasis added). Plaintiff alleges in the Amended Complaint that the emphasized portion is deceptive and misleading because it states that a partial payment may re-start the statute of limitations even though Florida law allows the statute of limitations to be revived only by a written, signed agreement. Doc. 6 ¶¶ 32-33.

---

[2] Plaintiff filed a copy of the Letter as "Exhibit A" to his original Complaint. Doc. 1 at 12. Plaintiff references the Letter as Exhibit A in his Amended Complaint. Doc. 6 ¶ 29. However, no copy of the Letter is attached as Exhibit A to the Amended Complaint. *See generally* Doc. 6. However, because both parties rely on the Letter without any objection, the Court will consider the Letter in ruling on this Motion to Dismiss.

Defendants move to dismiss the Amended Complaint arguing that Plaintiff failed to state a claim. Doc. 22. Defendants contend that the language contained in the letter is not a false, deceptive, or misleading representation because it contains only accurate information. *Id.* at 6. Defendants also contend that even if there was a mischaracterization of the law, there was no harm to Plaintiff and this is an attempt to manufacture a claim of confusion. *Id.* at 8. Additionally, Defendants argue that dismissal is warranted because none of the facts in the Amended Complaint support an assertion that any purported misrepresentation was material. *Id.* at 12.

Plaintiff opposes Defendants' Motion to Dismiss. Doc. 31. In response, Plaintiff asserts the same theory alleged in the Amended Complaint, that is, Florida law requires a written and signed promise to pay to restart the statute of limitations. *Id.* at 2. Plaintiff contends that because the Letter did not mention writing or signing, it is a false, misleading, and deceptive statement. *Id.* at 2-3. Plaintiff also advances the theory that Defendants' inclusion of offers with extended payment plans to settle the debt for less than the full balance owed is deceptive and misleading. *Id.* at 3. Specifically, by presenting an enticing offer while advising Plaintiff that accepting may restart the statute of limitations, Defendants discouraged the least sophisticated customer from accepting attractive settlement offers based on a false representation. *Id.*

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim

to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id*.

## III. DISCUSSION

To establish a violation of the FDCPA, the plaintiff must show (1) the defendant qualifies as a "debt collector," (2) the challenged conduct was made "in connection with the collection of any debt," and (3) the defendant engaged in an act or omission prohibited by the FDCPA. *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012). Only material misrepresentations constitute violations of the FDCPA. *See*, *e.g.*, *Bryant v. Kass Shuler, P.A.*, No. 16-CV-24082-GAYLES, 2017 WL 766343, at *2 (S.D. Fla. Feb. 28, 2017); *Jones v. Jason A. Craig & Assocs., P.C.*, No. 5:18-CV-207 (MTT), 2019 WL 362273, at *3 (M.D. Ga. 2019) (stating that the materiality requirement applies to claims under § 1692e). "To be a material misrepresentation, a statement must influence a consumer's decision or ability to pay or challenge a debt." *Id.* (internal quotation omitted). If the misrepresentation is one that would "not influence an unsophisticated consumer's ability to challenge a debt, then it "does not violate the FDCPA, even if the statement 'is false in some technical sense.' " *Bryant*, 2017 WL 766343, at *2 (quoting *Wahl. V. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645-46 (7th Cir. 2009)).

Here, Defendants do not contest their qualifications as debt collectors, or that the challenged conduct was made in connection with the collection of a debt. *See generally* Doc. 22. Instead, they contest that their activity was not an act or omission prohibited by the FDCPA.

A.      Section 1692e

Pursuant to § 1692e, under which Plaintiff alleges Count I of the Amended Complaint, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," which includes "[t]he false representation of . . . the character, amount, or legal status of any debt[.]" 15 U.S.C. § 1692e(2)(A). Ordinarily, "[w]hether a letter is misleading raises a question of fact" that should be determined by a jury. *Lopera v. Midland Credit Mgmt., Inc.*, No. 8:16-cv-1448-T-33JSS, 2016 WL 6650744, at *3 (M.D. Fla. Nov. 10, 2016) (quoting *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 397 (6th Cir. 2015). "Dismissal is appropriate only when it is 'apparent from a reading of the letter that not even a significant fraction of the population would be misled by it.' " *Id.* (quoting *McMahon v. LVNV Funding, LLC¸*744 F.3d 1010, 1020 (7th Cir. 2014)).

The Eleventh Circuit has "adopted a 'least-sophisticated consumer' standard to evaluate whether a debt collector's conduct is 'deceptive,' 'misleading,' 'unconscionable,' or 'unfair' under" § 1962e. *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258 (11th Cir. 2014). Under this standard, "[t]he inquiry is not whether the particular plaintiff-consumer was deceived or misled; instead, the question is 'whether the least sophisticated consumer would have been deceived' by the debt collection conduct." *Id.* (quoting *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1177 n.11 (11th Cir. 1985)) (internal quotation omitted). "However, the test has an objective component in that while protecting naïve consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness." *Id.* at 1259 (quoting *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1200 (11th Cir. 2010)).

The United States District Court for the Southern District of Florida previously addressed a claim that an identical provision violated § 1692e(2)(A) because it falsely represented the

5

character, amount, or legal status of a debt. *Valle v. First Nat'l Collection Bureau, Inc.*, 252 F. Supp. 3d 1332, 1339 (S.D. Fla. 2017). In that case, the plaintiff argued that "the collection letter violated [the FDCPA] because it failed to sufficiently inform the Plaintiff that the debt was '*absolutely* time-barred,' and failed to 'adequately disclose the impact making a payment would have, to wit, that making a payment would revive the Consumer Debt, thus making it legally enforceable.' " *Id.* Thus, the argument presented there was slightly different than it is here, where Plaintiff argues that Defendants misrepresented the law by suggesting that the statute of limitations could be revived solely by making payment, without a written and signed promise to pay. The Southern District of Florida found that the defendant did not misrepresent the legal status of the debt because the letter "specifically disclosed that payment of the debt or a promise to pay the debt could re-start the statute of limitations." *Id.* at 1340.

Here, Plaintiff's assertion as to the law in Florida is correct. Pursuant to Florida law, partial payments may be evidence of intent to repay, but are not sufficient to restart the statute of limitations, which requires a written and signed document. *Baez v. LTD Fin'l Servs., L.P.*, 757 F. App'x 842, 844 (11th Cir. 2018); *Madinya v. Portfolio Recovery Assocs., LLC*, No. 18-cv-61138-BLOOM/Valle, 2018 WL 6590829, at *2 (S.D. Fla. Dec. 14, 2018); § 95.04, Fla. Stat. ("An acknowledgement of, or promise to pay, a debt barred by a statute of limitations must be in writing and signed by the person sought to be charged."). Because of this, an assertion in the Letter that making partial payment on the debt would renew the statute of limitations would be an inaccurate statement under Florida law.

However, that is not what the Letter states. Instead, it states that "[i]n many circumstances" a person "can renew the debt and restart the time period for the filing of a lawsuit" if the person "take[s] specific action such as making certain payment on the debt . . . ." Doc. 1 at 12. The Letter

6

does not state what circumstances or what payment would be required to restart the statute of limitations. A debt collector could, for example, make an "argument that a 'partial payment' made pursuant to [a] collection letter would constitute a § 95.04-compliant signed writing (for instance, via return of the payment coupon with a signed check) . . . ." *Baez*, 757 F. App'x at 845.

Courts have been reluctant to require debt collectors to provide legal advice to debtors. *Stimpson v. Midland Credit Management, Inc.*, 944 F.3d 1190, 1198 (9th Cir. 2019) (stating that nothing in the FDCPA "require[s] debt collectors to provide legal advice on revival statutes" and concluding that "the failure to provide such specific legal advice" was not misleading). The United States Court of Appeals for the Eleventh Circuit declined to address this issue recently in *Holzman v. Malcolm S. Gerald & Assocs., Inc.*, 920 F.3d 1264, 1273 (11th Cir. 2019). In *Holzman*, the Eleventh Circuit rejected the debt collector's argument that requiring a debt collector to disclose that a debt was legally unenforceable when offering to "resolve" a debt would require debt collectors to give legal advice to debtors because debt collectors could easily "include general language about" the possibility that the debt was time-barred "without venturing into the realm of legal advice." *Id.* (quoting *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 400 (6th Cir. 2015)). That is exactly what Defendants did here. They generally informed Plaintiff that certain circumstances could result in revival of the time for filing a lawsuit against him and advised him that he "should determine the effect of any actions [he] take[s] with respect to th[e] debt." Doc. 1 at 12.

Based on the above, Defendants' statement as to the character, amount, or legal status of the debt was not inaccurate. Defendants correctly communicated that they could not sue Plaintiff to recover the debt because of the amount of time that had passed, and their further statements did no more than provide general information cautioning Plaintiff that action by Plaintiff could change

7

the legal status of the debt. *Id.* Accordingly, Plaintiff fails to state a claim under § 1692e of the FDCPA and Count I of the Amended Complaint will be dismissed.

  **B.**  **Section 1692f**

Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." Plaintiff asserts that Defendants violated this provision "by omitting material information that gave Plaintiff a false understanding of the proper legal status of the debt and the ramifications of specific actions." Doc. 6 ¶ 46. Defendants move to dismiss this claim arguing that (1) a claim under § 1692f must be based on conduct separate from a § 1692e claim, and (2) it is not unlawful to seek voluntary repayment of a time-barred debt, and nothing in the Letter was misleading. Doc. 22 at 8-9.

The Court agrees that Plaintiff fails to state a claim under § 1692f. The only conduct alleged to have violated this provision is the same conduct that forms the basis of Plaintiff's § 1692e claim. This Court has stated that "[a] complaint will be deemed deficient under [§ 1692f] . . . if it 'does not identify any misconduct beyond that which Plaintiffs assert violate other provisions of the FDCPA.' " *Miljkovic v. Shafritz & Dinkin, P.A.*, No. 8-14-cv-635-T-33TBM, 2014 WL 3587550, at *8 (M.D. Fla. July 18, 2014) (quoting *Taylor v. Health W. Williams, LLC*, 510 F. Supp. 2d 1206, 1217 (N.D. Ga. 2007)); *see also Olsen v. Cavalry Portfolio Servs., LLC*, No. 8:15-cv-2520-T-23AAS, 2016 WL 4248009, at *2 (M.D. Fla. Aug. 11, 2016) (concluding that because the plaintiff's § 1692f claim was based on the same conduct as his failed § 1692e claim, the plaintiff failed to state a separate claim under § 1692f). Accordingly, because Plaintiff did not identify any misconduct beyond that alleged to violate § 1692e, Plaintiff fails to state a claim under § 1692f and Count II of the Amended Complaint will be dismissed.

C.     **Amendment**

The Federal Rules of Civil Procedure provide that a court should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]he grant or denial of an opportunity to amend is within the discretion of the [d]istrict [c]ourt". *Foman v. Davis*, 371 U.S. 178, 182 (1962). A district court may deny a motion to amend on numerous grounds, including undue delay, undue prejudice to the defendant(s), and futility of the amendment. *Maynard v. Bd. of Regents of the Div. of Univs. of the Fla. Dep't. of Educ.*, 342 F.3d 1281, 1287 (11th Cir. 2003). Although the Court has discretion to deny pleading amendments under Federal Rule of Civil Procedure 15(a), there is a strong preference in the Eleventh Circuit for allowing them. *See Burger King Corp. v. Weaver,* 169 F.3d 1310, 1319 (11th Cir. 1999).

Plaintiff requests that, should the Court determine that the Amended Complaint fails to state a claim, the Court grant him leave to amend. Doc. 31 at 9. Because this Court has not previously granted Plaintiff leave to amend based on the merits, the Court will give Plaintiff a final opportunity to file a Second Amended Complaint. Accordingly, it is

**ORDERED**:

1.    Defendants' Memorandum in Support of their Joint Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 22) is **GRANTED**.

2.    Plaintiff is granted leave to file a Second Amended Complaint within **FOURTEEN (14) DAYS** of this Order, which corrects the deficiencies discussed herein. Failure to file a Second Amended Complaint within the time permitted will result in dismissal of this action without further notice.

**DONE AND ORDERED** in Tampa, Florida on January 31, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any